GROSS v. LANGE, *Plaintiff in Error.*

1. **No Dower in Land Fraudulently Conveyed by Husband before Marriage.** A wife is not entitled to dower out of lands of her husband which, before her marriage, have been fraudulently conveyed to another, though the conveyance is subsequently set aside at the instance of creditors.

2. **Case in Judgment.** Certain lands of J were sold under execution against him and conveyed by the sheriff to C, J furnishing the purchase money. Plaintiff subsequently married J, when a conveyance was made of part of the lands in trust for her and the rest to the children of the marriage. The creditors of J afterwards instituted proceedings which resulted in the sheriff's deed and the trust deed being set aside as in fraud of their rights, and the lands being sold to satisfy their claims. On these facts, *Held,* that J's widow was not entitled to dower in the lands.

*Error to Franklin Circuit Court*—HON. A. J. SEAY, Judge.

REVERSED.

Action for assignment of dower and damages for the deforcement thereof by the defendant. The facts are in the opinion.

*L. C. Krauthoff* with *John P. Martin* for plaintiff in err

Before the widow can be entitled to dower, the husband, or some other person to his use, must have been seized, either in fact or in law, of an estate of inheritance in the land during the coverture. Wag. Stat., § 1, p. 538. If, prior to the marriage, the land is either alienated by the husband or sold in satisfaction of a judgment rendered against him, the right of dower of his wife in the land is thereby defeated. 1 Scribner on Dower, § 1, p. 556; § 29, p. 572.

A conveyance of land without consideration, in fraud of creditors, is not absolutely void, but only voidable; it

is good as against the grantor and his heirs. It can only
be avoided by creditors, and by them only to an extent
sufficient to satisfy their debts. It is not pretended that
the title was passed out of Jeffries in fraud of his wife, or
even in contemplation of marriage. The fraudulent deed
was made nearly two years before plaintiff's marriage with
him; it was not avoided during the coverture. The wife
could have no greater claim upon the estate than the hus-
band himself, and no right of dower existed in her. 1
Scribner on Dower, § 7, p. 558; § 14, p. 563; *Whithead v.
Mallory,* 4 Cush. 138. The plaintiff, as dowress, could not
have maintained an action in a court of equity to set aside
these deeds; this was personal to the creditors. Then she
cannot secure indirectly what she could not have directly.

*J. C. Kiskaddon* for defendant in error.

HOUGH, J.—This was a proceeding by the plaintiff for
assignment of dower. On the 7th of September, 1864, A.
W. Jeffries was the owner of the land described in plaint-
iff's petition. On the 3rd day of October, 1865, said land
was sold under execution against said Jeffries, and was
conveyed by the sheriff to one Thomas Crow, A. W. Jef-
fries having furnished the purchase money. In January,
1867, the plaintiff married said Jeffries. On the 23rd day
of March, 1870, Crow conveyed said property to the child-
ren of Jeffries, and on the same day executed a conveyance
of an undivided fourth of the same property to Louis
Wehrmann in trust for the plaintiff herein, who was then
his wife. On the 9th day of June, 1874, the circuit court
of Franklin county, in a proceeding instituted by the
creditors of said A. W. Jeffries for that purpose, set aside the
deeds of Crow to the wife and children of Jeffries, and the
deed from the sheriff to Crow, as having been made in
fraud of the creditors of said Jeffries, and at a sale of said
property to pay the debts of said Jeffries, the defendant,
Lange, became the purchaser.

On these facts we are of opinion that the plaintiff is not entitled to dower in the lands purchased by the defendant. Jeffries was never seized of the lands in question during the coverture. Before his marriage these lands had passed to Crow by a conveyance which was good against him and his heirs, it having been made to hinder, delay and defraud his creditors. Had matters continued in this condition until the death of Jeffries, it is clear that plaintiff would not have been entitled to dower. *Whithead v. Mallory*, 4 Cush. 138. The subsequent conveyances by Crow for the benefit of the children of Jeffries and the plaintiff, gave the plaintiff no additional right to dower in this land. When these conveyances and the deed to Crow were set aside by the judgment of the circuit court as having been made in fraud of creditors, the property passed by them did not become assets of the estate of A. W. Jeffries for the payment of his debts and subject to the right of dower.

These conveyances were not absolutely void, but were void only as to creditors, and such conveyances could only be avoided by them to an extent sufficient to satisfy their debts. Whatever remained after satisfying the claims of creditors belonged to the grantees in the fraudulent deeds, as those deeds were good as against the grantor. *Whithead v. Mallory*, 4 Cush. 138. The judgment of the circuit court giving the plaintiff dower in this property must, therefore, be reversed. All concur.